FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 MAY -5 PM 4:58

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### BALTIMORE DIVISION

CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street NW
Washington, DC 20552

CONSUMER PROTECTION
DIVISION, Office of the Attorney
General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
Baltimore County

                Plaintiffs,
  v.

GENUINE TITLE, LLC
11155 Dolfield Blvd., Suite 100
Owings Mills, MD 21117
Baltimore County

BRANDON GLICKSTEIN
3 Valleys Crest Court
Owings Mills, MD 21117
Baltimore County

GARY KLOPP
2915 Eden Drive
Manchester, MD 21102
Carroll County

ADAM MANDELBERG
807 Dominion Lane
Reisterstown, MD 21136
Baltimore County

Case No. 1:15-cv-01235-JFM

WILLIAM J. PETERSON, III
635 Prestwick Trail
Bel Air, MD 21014
Harford County

ANGELA POBLETTS
1930 Castleton Road
Darlington, MD 21034
Harford County

JAY ZUKERBERG
4714 Glenarm Avenue
Baltimore, MD 21206
Baltimore County

ALL COUNTY SETTLEMENTS, LLC
2915 Eden Drive
Manchester, MD 21102
Carroll County

BTS MANAGEMENT AND CONSULTING, LLC
929 Creek Park Road
Bel Air, MD 21014
Harford County

CARROLL ABSTRACTS, INC.
2915 Eden Drive
Manchester, MD 21102
Carroll County

MARC, LLC
1930 Castleton Road
Darlington, MD 21034
Harford County

MORTGAGE SERVICES, LLC
4940 Campbell Blvd.
Suite 210
Nottingham, MD 21236
Baltimore County

R&R MARKETING GROUP, LLC
807 Dominion Lane
Reisterstown, MD 21136
Baltimore County,

      Defendants.

## STIPULATED FINAL JUDGMENT AND ORDER
## WITH RESPECT TO BRANDON GLICKSTEIN

The Consumer Financial Protection Bureau ("Bureau") and the Consumer Protection Division, Office of the Attorney General of the State of Maryland ("CPD"), commenced this civil action against Defendant on April 29, 2015, to obtain injunctive relief, redress, and other relief.

The Complaint alleges violations of § 8(a) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a); § 1036(a)(1)(A) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. § 5536(a)(1)(A); and the Maryland Consumer Protection Act ("CPA"), Md. Code Ann., Com. Law §§ 13-101 through 13-501 (2013 Repl. Vol.).

The Plaintiffs and Defendant Brandon Glickstein have requested that the Court enter this Stipulated Final Judgment and Order ("Order").

### FINDINGS

1.  This Court has jurisdiction over the parties and the subject matter of this action.

3

2. Plaintiffs and Defendant agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

3. Defendant neither admits nor denies any allegations in the Complaint, except as specifically stated in this Order. For purposes of this Order, Defendant admits the facts necessary to establish the Court's jurisdiction over Defendant and the subject matter of this action.

4. Defendant waives service under Rule 4(d) of the Federal Rules of Civil Procedure and waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant also waives any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party will bear its own costs and expenses, including without limitation attorneys' fees.

5. Entry of this Order is in the public interest.

## DEFINITIONS

6. The following definitions apply to this Order:

a. **"Defendant"** means Brandon Glickstein.

b. **"Effective Date"** means the date on which the Order is issued.

c. **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his delegate.

d. **"Mortgage Industry"** means any business that involves a federally related mortgage loan or loans as defined in 12 U.S.C. § 2602(1) or any business that involves settlement services as defined in 12 U.S.C. § 2601(3).

e.  **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendant based on substantially the same facts as described in this Order or the Complaint.

## ORDER

**IT IS ORDERED** that:

### I. Conduct Prohibition

7.  Defendant shall not give and Defendant shall not accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real-estate-settlement service involving a federally related mortgage loan shall be referred to any person.

8.  Pursuant to 12 U.S.C. § 5565(a)(2)(G), Defendant is limited from participation in the Mortgage Industry in any professional capacity for five years from the Effective Date.

### II. Monetary Provisions

9.  A judgment for monetary relief is entered in favor of the Bureau and against the Defendant in the amount of $400,000.

10. Within 20 days of the Effective Date, the Defendant must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $400,000 in full satisfaction of the judgment.

11. Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or by the Bureau's agent according to applicable

statutes and regulations to be used for redress for injured consumers, including but not limited to refund of moneys, restitution, damages, or other monetary relief, and for any attendant expenses for the administration of any such redress.

12. If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable, or if funds remain after redress is completed, the Bureau, in consultation with the CPD, may apply any remaining funds for such other equitable relief (including consumer-information remedies) as determined by the Bureau to be reasonably related to the violations described in the Complaint. Any funds not used for such equitable relief will be deposited in the U.S. Treasury as disgorgement. The Defendant will have no right to challenge any actions that the Bureau, the CPD or their representatives may take under this paragraph.

13. Payment of redress to any consumer under this Order will not limit consumers' rights in any way.

### III. Additional Monetary Provisions

14. In the event of any default on Defendant's obligation to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

15. Defendant must relinquish all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Defendant.

16.     Under 31 U.S.C. § 7701, Defendant, unless he already has done so, must furnish to the Bureau his taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

17.     Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## IV.    Reporting Requirements

18.     Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

19.     Within 10 days of the Effective Date, Defendant shall notify the Bureau and the CPD of (a) Defendant's current residence, postal address, email address and telephone number; and (b) Defendant's current role in any business activity, including any business for which he provides services, whether as an employee, officer, or otherwise, and any entity in which Defendant has any ownership interest, identifying for each its name, physical address, and internet address.

20.     For 2 years from the Effective Date, Defendant shall notify the Bureau and the CPD of (a) any change in name, including aliases or fictitious names; (b) any change in residence, postal

address, email address, or telephone number; or (c) any change in title or role in any business activity, including any business for which Defendant provides services, whether as an employee, officer, or any otherwise, and any entity in which Defendant has any ownership interest, identifying for each its name, physical address, and internet address.

## V. Notices

21. Unless otherwise directed in writing by the Bureau or the CPD, respectively, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*In re Genuine Title, LLC*, Case No. 1:15-cv-01235-JFM" and send them to:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTN: Office of Enforcement
> 1700 G Street, NW
> Washington, DC 20552
> Enforcement_Compliance@cfpb.gov
>
> Chief, Consumer Protection Division
> Office of the Attorney General of Maryland
> 200 St. Paul Place, 16th Floor
> Baltimore, MD 21202

## VI. Cooperation with the Bureau and the CPD

22. Defendant must cooperate fully with the Bureau and the CPD in this matter and in any investigation related to or associated with the conduct described in the Complaint. Defendant must provide to the Bureau or to the CPD truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau or the CPD may reasonably request upon 5 days written notice, or

8

other reasonable notice, at such places and times as the Bureau or the CPD may designate, without the service of compulsory process.

## VII. Compliance Monitoring

23. Within 14 days of receipt of a written request from the Bureau, Defendant must submit compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

24. Nothing in this Order will limit the Bureau's lawful use of compulsory process under 12 C.F.R. § 1080.6 or the CPD's use of its subpoena power under the CPA § 13-404.

## VIII. Retention of Jurisdiction

25. The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED this 5th day of May, 2015.

_____
United States District Court Judge