IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

____FILED ____ENTERED
____LODGED ____RECEIVED

MAY - 5 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

| | |
|---|---|
| CONSUMER FINANCIAL<br>PROTECTION BUREAU<br>1700 G Street NW<br>Washington, DC 20552<br><br>CONSUMER PROTECTION<br>DIVISION, Office of the Attorney<br>General of Maryland 200 St. Paul<br>Place, 16th Floor<br>Baltimore, MD 21202<br>Baltimore County<br><br>                Plaintiff,<br>   v.<br><br>GENUINE TITLE, LLC<br>11155 Dolfield Blvd., Suite 100<br>Owings Mills, MD 21117<br>Baltimore County<br><br>BRANDON GLICKSTEIN<br>3 Valleys Crest Court<br>Owings Mills, MD 21117<br>Baltimore County<br><br>GARY KLOPP<br>2915 Eden Drive<br>Manchester, MD  21101<br>Carroll County<br><br>ADAM MANDELBERG<br>807 Dominion Lane<br>Reisterstown, MD 21136<br>Baltimore County | Case No. 1:15-cv-01235-RDB |

WILLIAM J. PETERSON, III
635 Prestwick Trail
Bel Air, MD 21014
Harford County

ANGELA POBLETTS
1930 Castleton Road
Darlington, MD 21034
Harford County

JAY ZUKERBERG
4714 Glenarm Avenue
Baltimore, MD 21206
Baltimore County

ALL COUNTY SETTLEMENTS, LLC
2915 Eden Drive
Manchester, MD 21102
Carroll County

BTS MANAGEMENT AND CONSULTING, LLC
929 Creek Park Road
Bel Air, MD 21014
Harford County

CARROLL ABSTRACTS, INC.
2915 Eden Drive
Manchester, MD 21102
Carroll County

MARC, LLC
1930 Castleton Road
Darlington, MD 21034
Harford County

MORTGAGE SERVICES, LLC
4940 Campbell Blvd.
Suite 210
Nottingham, MD 21236

Baltimore County

R&R MARKETING GROUP, LLC
807 Dominion Lane
Reisterstown, MD 21136
Baltimore County

                Defendants.

## STIPULATED FINAL JUDGMENT AND ORDER WITH RESPECT TO GENUINE TITLE, LLC

The Consumer Financial Protection Bureau ("Bureau") and the Consumer Protection Division, Office of the Attorney General of the State of Maryland ("CPD") commenced this civil action against Defendant on April 29, 2015, to obtain injunctive relief, redress, and other relief.

The Complaint alleges violations of § 8(a) of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(a) ("RESPA"); § 1036(a)(1)(A) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. § 5536(a)(1)(A); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 through 13-501 (2013 Repl. Vol.) ("CPA").

The Plaintiffs and Defendant Genuine Title, LLC have requested that the Court enter this Stipulated Final Judgment and Order ("Order").

### FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Plaintiffs and Defendant agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

3. Defendant neither admits nor denies any allegations in the Complaint, except as specifically stated in this Order. For purposes of this Order, Defendant admits the facts necessary to establish the Court's jurisdiction over Defendant and the subject matter of this action.

4. Defendant waives service under Rule 4(d) of the Federal Rules of Civil Procedure and waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant also waives any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party will bear its own costs and expenses, including without limitation attorneys' fees.

5. Entry of this Order is in the public interest.

## DEFINITIONS

6. The following definitions apply to this Order:

    a. **"Defendant"** means Genuine Title, LLC.

    b. **"Defendant's Accounts"** means any account other than any escrow, IOLTA or Maryland Affordable Housing Trust ("MAHT") account controlled by Genuine Title, LLC.

    c. **"Effective Date"** means the date on which the Order is issued.

    d. **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his delegate.

    e. **"Mortgage Industry"** means any business that involves a federally related mortgage loan or loans as defined in 12 U.S.C. § 2602(1) or any business that involves settlement services as defined in 12 U.S.C. § 2601(3).

  f.  **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendant based on substantially the same facts as described in this Order or the Complaint.

## ORDER

**IT IS ORDERED** that:

### I. Conduct Prohibition

7. Defendant shall not give and Defendant shall not accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real-estate-settlement service involving a federally related mortgage loan shall be referred to any person.

8. Pursuant to 12 U.S.C. § 5565(a)(2)(G), Defendant is limited from participation in the Mortgage Industry in any professional capacity for five years from the Effective Date.

### II. Monetary Provisions

9. Any monies remaining in Defendant's Accounts after claims arising out of Defendant's title services have been paid and the costs associated with determining proper claims (including the costs associated with any receivership) have been paid, must be turned over to the CPD and will be characterized as a civil money penalty.

10. Defendant must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the State of Maryland ultimately uses those funds, Defendant may not:

  a.  Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

      b.      Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

11. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that Defendant is entitled to, nor may Defendant benefit by, any offset or reduction of any compensatory monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action (Penalty Offset). If the court in any Related Consumer Action grants such a Penalty Offset, Defendant must, within 30 days after entry of a final order granting the Penalty Offset, notify the CPD, and pay the amount of the Penalty Offset to the Maryland General Fund. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## III. Additional Monetary Provisions

12. In the event of any default on Defendant's obligation to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

13. Defendant must relinquish all dominion, control, and title to the funds paid or to be paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Defendant.

14. Under 31 U.S.C. § 7701, Defendant, unless it already has done so, must furnish to the Bureau and the CPD his taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

15. Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment,

6

consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

### IV. Reporting Requirements

16. Defendant must notify the Bureau and the CPD of any development that may affect compliance obligations arising under this Order, including but not limited to the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

### V. Notices

17. Unless otherwise directed in writing by the Bureau or the CPD, respectively, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*In re Genuine Title, LLC*, Case No. 1:15-cv-01235-RDB," and send them to:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTN: Office of Enforcement
> 1700 G Street, NW
> Washington, DC 20552
>
> Enforcement_Compliance@cfpb.gov
>
> Chief, Consumer Protection Division
> Office of the Attorney General of Maryland
> 200 St. Paul Place, 16th Floor
> Baltimore, MD 21202

### VI. Cooperation with the Bureau and the CPD

18. Defendant must cooperate fully with the Bureau and the CPD in this matter and in any investigation related to or associated with the conduct described in the Complaint. Defendant must provide to the Bureau or to the CPD truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau or the CPD may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as the Bureau or the CPD may designate, without the service of compulsory process.

## VII. Compliance Monitoring

19. Within 14 days of receipt of a written request from the Bureau, Defendant must submit compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

20. Nothing in this Order will limit the Bureau's lawful use of compulsory process under 12 C.F.R. § 1080.6 or the CPD's use of its subpoena power under the CPA § 13-404.

## VIII. Retention of Jurisdiction

21. The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED this 5th day of MAY, 2015.

*[signature: Rell D. Bennett]*

United States District Court Judge