**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

FILED _____ ENTERED
LODGED _____ RECEIVED

MAY – 6 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street NW
Washington, DC 20552

CONSUMER PROTECTION
DIVISION, Office of the Attorney
General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
Baltimore County

                    Plaintiffs,

    v.

GENUINE TITLE, LLC
11155 Dolfield Blvd., Suite 100
Owings Mills, MD 21117
Baltimore County

BRANDON GLICKSTEIN
3 Valleys Crest Court
Owings Mills, MD 21117
Baltimore County

GARY KLOPP
2915 Eden Drive
Manchester, MD 21102
Carroll County

ADAM MANDELBERG
807 Dominion Lane
Reisterstown, MD 21136
Baltimore County

Case No. 1:15-cv-01235-JFM

WILLIAM J. PETERSON, III
635 Prestwick Trail
Bel Air, MD 21014
Harford County

ANGELA POBLETTS
1930 Castleton Road
Darlington, MD 21034
Harford County

JAY ZUKERBERG
4714 Glenarm Avenue
Baltimore, MD 21206
Baltimore County

ALL COUNTY SETTLEMENTS,
LLC
2915 Eden Drive
Manchester, MD 21102
Carroll County

BTS MANAGEMENT AND
CONSULTING, LLC
929 Creek Park Road
Bel Air, MD 21014
Harford County

CARROLL ABSTRACTS, INC.
2915 Eden Drive
Manchester, MD 21102
Carroll County

MARC, LLC
1930 Castleton Road
Darlington, MD 21034
Harford County

MORTGAGE SERVICES, LLC
4940 Campbell Blvd.
Suite 210
Nottingham, MD 21236
Baltimore County

R&R MARKETING GROUP, LLC
807 Dominion Lane
Reisterstown, MD 21136
Baltimore County,

                         Defendants.

## STIPULATED FINAL JUDGMENT AND ORDER
## WITH RESPECT TO JAY ZUKERBERG

The Consumer Financial Protection Bureau ("Bureau") and the Consumer Protection

Division, Office of the Attorney General of the State of Maryland ("CPD"), commenced this civil

action against Defendant on April 29, 2015, to obtain injunctive relief, redress, and other relief.

The Complaint alleges violations of § 8(a) of the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. § 2607(a); § 1036(a)(1)(A) of the Consumer Financial Protection Act of 2010

("CFPA"), 12 U.S.C. § 5536(a)(1)(A); and the Maryland Consumer Protection Act ("CPA"), Md.

Code Ann., Com. Law §§ 13-101 through 13-501 (2013 Repl. Vol.).

The Plaintiffs and Defendant Jay Zukerberg have requested that the Court enter this

Stipulated Final Judgment and Order ("Order").

### FINDINGS

1.       This Court has jurisdiction over the parties and the subject matter of this action.

3

2.      Plaintiffs and Defendant agree to entry of this Order, without adjudication of any

issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct alleged

in the Complaint to the date this Order is entered.

3.      Defendant neither admits nor denies any allegations in the Complaint, except as

specifically stated in this Order. For purposes of this Order, Defendant admits the facts necessary

to establish the Court's jurisdiction over Defendant and the subject matter of this action.

4.      Defendant waives service under Rule 4(d) of the Federal Rules of Civil Procedure and

waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

Defendant also waives any claim they may have under the Equal Access to Justice Act, 28 U.S.C. §

2412, concerning the prosecution of this action to the date of this Order. Each party will bear its

own costs and expenses, including without limitation attorneys' fees.

5.      Entry of this Order is in the public interest.

## DEFINITIONS

6.      The following definitions apply to this Order:

a.      "**Defendant**" means Jay Zukerberg.

b.      "**Effective Date**" means the date on which the Order is issued.

c.      "**Enforcement Director**" means the Assistant Director of the Office of

Enforcement for the Consumer Financial Protection Bureau, or his delegate.

d.      "**Mortgage Industry**" means any business that involves a federally related mortgage

loan or loans as defined in 12 U.S.C. § 2602(1) or any business that involves

settlement services as defined in 12 U.S.C. § 2601(3).

e.      "**Related Consumer Action**" means a private action by or on behalf of one or more

consumers or an enforcement action by another governmental agency brought

against Defendant based on substantially the same facts as described in this Order or

the Complaint.

## ORDER

**IT IS ORDERED** that:

## I.    Conduct Prohibition

7.      Defendant shall not give and Defendant shall not accept any fee, kickback, or thing

of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or

a part of a real-estate-settlement service involving a federally related mortgage loan shall be referred

to any person.

8.      Pursuant to 12 U.S.C. § 5565(a)(2)(G), Defendant is limited from participation in the

Mortgage Industry in any professional capacity for five years from the Effective Date.

## II.   Monetary Provisions

9.      A judgment for monetary relief is entered in favor of the Bureau and against the

Defendant in the amount of $30,000.

10.     Within 60 days of the Effective Date, the Defendant must pay to the Bureau, by wire

transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions,

$30,000 in full satisfaction of the judgment.

11.     Any funds received by the Bureau in satisfaction of this judgment will be deposited

into a fund or funds administered by the Bureau or by the Bureau's agent according to applicable

statutes and regulations to be used for redress for injured consumers, including but not limited to refund of moneys, restitution, damages, or other monetary relief, and for any attendant expenses for the administration of any such redress.

12.     If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable, or if funds remain after redress is completed, the Bureau, in consultation with the CPD, may apply any remaining funds for such other equitable relief (including consumer-information remedies) as determined by the Bureau to be reasonably related to the violations described in the Complaint. Any funds not used for such equitable relief will be deposited in the U.S. Treasury as disgorgement. The Defendant will have no right to challenge any actions that the Bureau, the CPD or their representatives may take under this paragraph.

13.     Payment of redress to any consumer under this Order will not limit consumers' rights in any way.

### III.   Civil Money Penalty

14.     Defendant must pay a civil money penalty of $100,000 by wire transfer to the CPD or to the CPD's agent in compliance with the CPD's wiring instructions in 59 equal monthly installments of $1,666.00 and a final installment of $1,706, beginning within 90 days of the Effective Date.

15.     Defendant must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the State of Maryland ultimately uses those funds, Defendant may not:

a.    Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any

civil money penalty paid under this Order; or

b.    Seek or accept, directly or indirectly, reimbursement or indemnification from any

source, including but not limited to payment made under any insurance policy, with

regard to any civil money penalty paid under this Order.

16.    To preserve the deterrent effect of the civil money penalty in any Related Consumer

Action, Defendant may not argue that Defendant is entitled to, nor may Defendant benefit by, any

offset or reduction of any compensatory monetary remedies imposed in the Related Consumer

Action because of the civil money penalty paid in this action (Penalty Offset). If the court in any

Related Consumer Action grants such a Penalty Offset, Defendant must, within 30 days after entry

of a final order granting the Penalty Offset, notify the CPD, and pay the amount of the Penalty

Offset to the Maryland General Fund. Such a payment will not be considered an additional civil

money penalty and will not change the amount of the civil money penalty imposed in this action.

**IV.    Additional Monetary Provisions**

17.    In the event of any default on Defendant's obligation to make payment under this

Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding

amounts not paid from the date of default to the date of payment, and will immediately become due

and payable.

18.    Defendant must relinquish all dominion, control, and title to the funds paid or to be

paid under this Order to the fullest extent permitted by law and no part of the funds may be

returned to Defendant.

19.     Under 31 U.S.C. § 7701, Defendant, unless he already has done so, must furnish to the Bureau and the CPD his taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

20.     Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

**V.     Reporting Requirements**

21.     Defendant must notify the Bureau and the CPD of any development that may affect compliance obligations arising under this Order, including but not limited to the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

22.     Within 10 days of the Effective Date, Defendant shall notify the Bureau and the CPD of (a) Defendant's current residence, postal address, email address and telephone number; and (b) Defendant's current role in any business activity, including any business for which he provides services, whether as an employee, officer, or otherwise, and any entity in which Defendant has any ownership interest, identifying for each its name, physical address, and internet address.

23.     For 2 years from the Effective Date, Defendant shall notify the Bureau and the CPD of (a) any change in name, including aliases or fictitious names; (b) any change in residence, postal

8

address, email address, or telephone number; or (c) any change in title or role in any business

activity, including any business for which Defendant provides services, whether as an employee,

officer, or any otherwise, and any entity in which Defendant has any ownership interest, identifying

for each its name, physical address, and internet address.

## VI.   Notices

24.     Unless otherwise directed in writing by the Bureau or the CPD, respectively,

Defendant must provide all submissions, requests, communications, or other documents relating to

this Order in writing, with the subject line, "*In re Genuine Title, LLC,* Case No. 1:15-cv-01235-JFM"

and send them to:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTN:  Office of Enforcement
> 1700 G Street, NW
> Washington, DC 20552
> Enforcement_Compliance@cfpb.gov
>
> Chief, Consumer Protection Division
> Office of the Attorney General of Maryland
> 200 St. Paul Place, 16th Floor
> Baltimore, MD 21202

## VII.   Cooperation with the Bureau and the CPD

25.     Defendant must cooperate fully with the Bureau and the CPD in this matter and in

any investigation related to or associated with the conduct described in the Complaint. Defendant

must provide to the Bureau or to the CPD truthful and complete information, evidence, and

testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other

proceedings that the Bureau or the CPD may reasonably request upon 5 days written notice, or

other reasonable notice, at such places and times as the Bureau or the CPD may designate, without the service of compulsory process.

## VIII.   Compliance Monitoring

26.   Within 14 days of receipt of a written request from the Bureau, Defendant must submit compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

27.   Nothing in this Order will limit the Bureau's lawful use of compulsory process under 12 C.F.R. § 1080.6 or the CPD's use of its subpoena power under the CPA § 13-404.

## IX.   Retention of Jurisdiction

28.   The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.

DATED this __5th__ day of __MAY_____, 2015.

_____
United States District Court Judge

10