# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street NW
Washington, DC 20552

CONSUMER PROTECTION
DIVISION, Office of the Attorney
General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
Baltimore County,

           Plaintiffs,

   v.

GENUINE TITLE, LLC
11155 Dolfield Blvd., Suite 100
Owings Mills, MD 21117
Baltimore County

BRANDON GLICKSTEIN
3 Valleys Crest Court
Owings Mills, MD 21117
Baltimore County

GARY KLOPP
2915 Eden Drive
Manchester, MD 21102
Carroll County

ADAM MANDELBERG
807 Dominion Lane
Reisterstown, MD 21136
Baltimore County

Case No. 1:15-cv-01235-RDB

1

WILLIAM J. PETERSON, III
635 Prestwick Trail
Bel Air, MD 21014
Harford County

ANGELA POBLETTS
1930 Castleton Road
Darlington, MD 21034
Harford County

JAY ZUKERBERG
4714 Glenarm Avenue
Baltimore, MD 21206
Baltimore County

ALL COUNTY SETTLEMENTS,
LLC
2915 Eden Drive
Manchester, MD 21102
Carroll County

BTS MANAGEMENT AND
CONSULTING, LLC
929 Creek Park Road
Bel Air, MD 21014
Harford County

CARROLL ABSTRACTS, INC.
2915 Eden Drive
Manchester, MD 21102
Carroll County

MARC, LLC
1930 Castleton Road
Darlington, MD 21034
Harford County

MORTGAGE SERVICES, LLC
4940 Campbell
Blvd. Suite 210
Nottingham, MD 21236
Baltimore County

R&R MARKETING GROUP, LLC
807 Dominion Lane
Reisterstown, MD 21136
Baltimore County,

      Defendants.

## STIPULATED FINAL JUDGMENT AND ORDER WITH RESPECT TO GARY KLOPP, ALL COUNTY SETTLEMENTS, LLC AND CARROLL ABSTRACTS, INC.

The Consumer Financial Protection Bureau ("Bureau") and the Consumer Protection Division, Office of the Attorney General of the State of Maryland ("CPD"), commenced this civil action against Defendants on April 29, 2015, to obtain injunctive relief, redress, and other relief.

The Complaint alleges violations of § 8(a) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a); § 1036(a)(1)(A) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. § 5536(a)(1)(A); and the Maryland Consumer Protection Act ("CPA"), Md. Code Ann., Com. Law §§ 13-101 through 13-501 (2013 Repl. Vol.).

The Plaintiffs and Defendants Gary Klopp, All County Settlements, LLC and Carroll Abstracts, Inc. have requested that the Court enter this Stipulated Final Judgment and Order ("Order").

### FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2.    Plaintiffs and Defendants agree to entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

3.    Defendants neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order. For purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over Defendants and the subject matter of this action.

4.    Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure and waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party will bear its own costs and expenses, including without limitation attorneys' fees.

5.    Entry of this Order is in the public interest.

## DEFINITIONS

6.    The following definitions apply to this Order:

    a.    **"Defendants"** means Gary Klopp (Nationwide Mortgage Licensing System and Registry ("NMLSR") unique identifier _____), All County Settlements, LLC and Carroll Abstracts, Inc.

    b.    **"Effective Date"** means the date on which the Order is issued.

    c.    **"Mortgage Industry"** means any business that involves a federally related mortgage loan or loans as defined in 12 U.S.C. § 2602(1) or any business that involves settlement services as defined in 12 U.S.C. § 2601(3).

4

      d.    **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendants based on substantially the same facts as described in this Order or the Complaint.

## ORDER

**IT IS ORDERED** that:

### I. Conduct Prohibition

7. Defendants shall not give and Defendants shall not accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real-estate-settlement service involving a federally related mortgage loan shall be referred to any person.

8. Pursuant to 12 U.S.C. § 5565(a)(2)(G), Defendants are limited from participation in the Mortgage Industry for two years from the Effective Date as follows:

    a.    Defendants are prohibited from contacting, soliciting, or otherwise dealing with consumer borrowers or loan applicants in any capacity with regard to any mortgage business; and

    b.    Defendants are prohibited from contacting, soliciting, or otherwise dealing with any third party businesses engaged in offering any settlement service.

    c.    These limitations shall not prohibit Defendant Klopp from acting solely as a personnel or human-resources manager for a mortgage business operated by an FDIC-insured banking institution, including providing personnel or human-resources-related management and administrative functions with regard to National Mortgage Licensing System-registered loan originators, as that term is defined in Md. Fin. Inst. Code Ann. §11-

601.

9. Within 60 days of the Effective Date, Defendant Klopp must disclose this action and Order to NMLSR and, in accordance with NMLSR procedure, upload an electronic copy of this Order.

## II. Monetary Provisions

10. Defendants, jointly and severally, must pay a civil money penalty of seventy-five thousand dollars ($75,000.00) by wire transfer to the CPD or the CPD's agent in compliance with the CPD's wiring instructions on or before December 1, 2015.

11. Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the State of Maryland ultimately uses those funds, Defendants may not:

   a. Claim, assert or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

   b. Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

11. Payment of redress to any consumer under this Order will not limit consumers' rights in any way.

## III. Additional Monetary Provisions

12. In the event of any default on Defendants' obligation to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

6

13. Defendants must relinquish all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Defendants.

14. Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Defendants must notify the Enforcement Director of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants paid or are required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## IV. Reporting Requirements

15. Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to the filing of any bankruptcy or insolvency proceeding by or against Defendants; or a change in Defendants' name or address. Defendants must provide this notice, if practicable, at least 30 days before the development, but in any event no later than 14 days after the development.

16. Within 10 days of the Effective Date, Defendants shall notify the Bureau and the CPD of (a) Defendants' current residence, postal address, email address, and telephone number; and (b) Defendants' current role in any business activity, including any business for which they provide services, whether as an employee, officer, or otherwise, and any entity in which Defendants have any ownership interest, identifying for each its name, physical address, and internet address.

17. For 2 years from the Effective Date, Defendants shall notify the Bureau and the CPD of (a) any change in name, including aliases or fictitious names; (b) any change in residence, postal address, email address, or telephone number; or (c) any change in title or role in any business activity, including any business for which Defendants provide services, whether as an employee,

officer, or any otherwise, and any entity in which Defendants have any ownership interest, identifying for each its name, physical address, and internet address.

## V. Notices

18. Unless otherwise directed in writing by the Bureau or the CPD, respectively, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "In re Genuine Title, LLC, Case No. 1:15-cv-01235-JFM" and send them to:

   a.   By overnight courier (not the U.S. Postal Service), as follows:

   Assistant Director for Enforcement
   Consumer Financial Protection Bureau
   ATTN:  Office of Enforcement
   1625 Eye Street, NW
   Washington, D.C. 20006.

   b.   By first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

   Assistant Director for Enforcement
   Consumer Financial Protection Bureau
   ATTN:  Office of Enforcement
   1700 G Street, NW
   Washington, D.C. 20552
   Enforcement_Compliance@cfpb.gov

   Chief, Consumer Protection Division
   Office of the Attorney General of Maryland
   200 St. Paul Place, 16th Floor
   Baltimore, MD 21202.

## VI. Cooperation with the Bureau and the CPD

19. Defendants must cooperate fully with the Bureau and the CPD in this matter and in any investigation related to or associated with the conduct described in the Complaint. Defendants must provide to the Bureau or to the CPD truthful and complete information, evidence, and testimony. Defendants must appear for interviews, discovery, hearings, trials, and any other

8

proceedings that the Bureau or the CPD may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as the Bureau or the CPD may designate, without the service of compulsory process.

## VII. Compliance Monitoring

20. Within 14 days of receipt of a written request from the Bureau, Defendants must submit compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

21. Nothing in this Order will limit the Bureau's lawful use of compulsory process under 12 C.F.R. § 1080.6 or the CPD's use of its subpoena power under the CPA § 13-404.

## VIII. Retention of Jurisdiction

22. The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED this __16th__ day of __November__, 2015.

_____
United States District Court Judge